Thomas Dean **RUSSELL,**
Plaintiff—Appellant,

v.

Timothy **HUIZENGA; Kim Huizenga,** husband and wife; **Salmon Welding Inc., Defendants,**

and

American **Seafoods Corporation, Corporation, Defendant— Appellee.**

No. 00–35284.
D.C. No. CV–99–01070–RSL.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2001.*

Decided Oct. 5, 2001.

Before KOZINSKI, GOULD, Circuit Judges, and SCHWARZER,** Senior District Judge.

## MEMORANDUM ***

Thomas Dean Russell appeals the district court's grant of defendant's motion for summary judgment on his negligence claim against American Seafoods Corporation.

Russell challenges the district court's holding that collateral estoppel barred him from relitigating factual issues previously decided in proceedings before an administrative law judge. On this issue, we affirm for the reasons stated by the district court.

Russell also contends that the district court's grant of defendant's summary judgment on Russell's negligence claim denied him his constitutional right to a jury trial in violation of the Seventh Amendment. Issues previously decided by a court without a jury in collateral proceedings may be binding in subsequent litigation, and this estoppel does not violate the Seventh Amendment. *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 335, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). Furthermore, there is no constitutional right to a jury trial where jurisdiction is based on general maritime law. *Russell v. Atlantic & Gulf Stevedores, Inc.,* 625 F.2d 71, 71 (5th Cir.1980). Therefore, Russell's Seventh Amendment argument is without merit.

AFFIRMED.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Federal Rule of Appellate Procedure 34(a)(2).

** The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.